UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLA A. CAESAR,<br><br>  Plaintiff,<br><br>v.<br><br>FIREMAN'S FUND INSURANCE COMPANY<br><br>  Defendant. | Civ. No. 2:10-04401 (WJM)<br><br><br>OPINION |

WILLIAM J. MARTINI, U.S.D.J.:

On April 12, 1999, Plaintiff Carla Caesar rolled over in her father's SUV. Her insurance company, Esurance, provided Caesar with $15,000 in benefits. Hoping for an additional recovery, Caesar made a claim with her father's insurer, Defendant Fireman's Fund Insurance Company ("Fireman's). Fireman's denied the claim. Caesar now asks this Court to enter a summary judgment declaring her entitlement to Fireman's coverage; Fireman's cross-moves for the opposite declaration. Because Caesar was not covered under the Fireman's policy, the Court will **DENY** Caesar's motion and **GRANT** Fireman's cross-motion.

I.    BACKGROUND

The following facts are undisputed:  On April 12, 2009, Caesar was driving an SUV that belonged to her father. Pl.'s Statement of Material Facts Not In Dispute ("Pl.'s Statement") ¶¶ 9, 11, ECF No. 34-2.  The SUV rolled over, and Caesar sustained injuries. *Id.* ¶ 14.  As the named insured on her Esurance policy, Caesar recovered $15,000.  *Id.* ¶ 25.  She also tried to recover under her father's policy, but Fireman's denied her claim.  *Id.* ¶ 43.  Of interest here, Fireman's argued that Caesar was not covered because she fell under the terms of a policy exclusion.  *Id.* ¶ 46.  That exclusion, Exclusion A.1.c. ("Exclusion A.1.c." or "the Exclusion"), disclaims personal injury protection ("PIP") coverage for anyone who

1

"is entitled to New Jersey [PIP] Coverage as a named insured . . . under the terms of another policy." Fireman's Personal Injury Protection Coverage (Standard Automobile Policy)—New Jersey Exclusion A.1.c., ECF No. 34-7 at 90.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant it entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A factual dispute is genuine if a reasonable jury could find for the non-moving party, and a fact is material if it will affect the outcome of the trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding summary judgment motion, the Court considers all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

## III.   DISCUSSION

For present purposes, Caesar makes two arguments in support of her summary judgment motion. First, she argues that Exclusion A.1.c. does not apply to her. The Court disagrees. Second, she argues that Exclusion A.1.c. is invalid under New Jersey law. Even if Caesar were right about this latter point, the Court would not void the Exclusion. Instead, it would dial back the Exclusion to make it conform with New Jersey law. The dialed-backed Exclusion would still cover Caesar, so Caesar's second argument for summary judgment fails. Caesar is not entitled to benefits from Fireman's.

### A. The Fireman's Policy Does Not Cover Caesar.

Caesar falls under the terms of Exclusion A.1.c. With exceptions not relevant here, Exclusion A.1.c. applies where an insured "is entitled to New Jersey [PIP] Coverage as a named insured . . . under the terms of another policy." At the time of the accident, Caesar was a named insured under her Esurance policy. Therefore, Caesar satisfied the terms of Exclusion A.1.c. She is not entitled to benefits from Fireman's.

Caesar's argument to the contrary focuses on the Exclusion's use of the word "is". Exclusion A.1.c. applies if two conditions are met. An individual is excluded from coverage if she is (1) a named insured (2) who "is entitled to . . . [c]overage . . . under the terms of another policy." Exclusion A.1.c. Caesar does not dispute that she is a named insured under her Esurance policy. Instead, she disputes that she "is" entitled to Esurance coverage. She acknowledges that she

was entitled to Esurance coverage at the time of the accident.  But she argues that her entitlement to coverage ended once she exhausted her policy.  Caesar's argument is creative but incorrect.

Exclusion A.1.c. is almost a word for word copy of N.J.S.A. 39:6A-7(b)(3) ("Section 7(b)(3)").  Exclusion A.1.c. applies if an insured "is entitled to New Jersey [PIP] Coverage as a named insured. . . ."  Section 7(b)(3) also applies if an insured "is entitled to [New Jersey PIP] coverage . . . as a named insured[.]"  Taking its lead from the Supreme Court of New Jersey's decision in *Rutgers Cas. Ins. Co. v. Ohio Cas. Ins. Co.*, 153 N.J. 205, 208-10 (1998), the Court concludes that the word "is" in Exclusion A.1.c. has the same meaning as the word "is" in Section 7(b)(3).

The facts in *Rutgers* are as follows:  Following a series of car accidents, Rutgers honored claims from its named insureds.  It then sought contribution from other companies, one of which was the Ohio Casualty Insurance Company.  Like Fireman's in this case, Ohio argued that Rutgers' policy holders fell under the terms of an Ohio policy exclusion.  That exclusion, referred to as the follow-the-family exclusion, reads as follows:

> The insurance under this endorsement does not apply to . . . any person . . . if that person is entitled to New Jersey [PIP] coverage as a named insured . . . under the terms of another policy . . . .

*Rutgers*, 153 N.J. at 209.  Rutgers' policy holders fell under the terms of the follow-the-family exclusion because they were named insureds whose Rutgers policies "entitled [them] to New Jersey [PIP] coverage."  Exclusion A.1.c.  As Ohio did not owe Rutgers insureds' any money, Rutgers was not entitled to contribution.  The Supreme Court of New Jersey recognized that this conclusion was "consistent with and confirmed by" Section 7(b)(3).  *Rutgers*, 153 N.J. at 210.  Ultimately, for purposes of the follow-the family exclusion and Section 7(b)(3), a named insured "is entitled" to coverage from her insurer even after she recovers from that insurer.

*Rutgers* controls the outcome of this case.  Caesar was a named insured on her Esurance policy at the time of the rollover.  Before she recovered from Esurance, she was entitled to Esurance coverage for purposes of Exclusion A.1.c.  Having now recovered from Esurance, she still "is entitled" to Esurance coverage for purposes of Exclusion A.1.c.  Caesar's entitlement to Esurance coverage excludes her from Fireman's coverage.

Caesar might argue that *Rutgers* does not control the outcome of this case because its holding is limited to contribution actions.  *See id.* at 210.  The United States Court of Appeals for the Third Circuit instructs that "[i]n the absence of a

controlling opinion from a state's highest court on an issue of state law," *United States District Courts* should "predict how . . . [a state's highest] court would decide the issue." *Pacific Employers Ins. Co. v. Global Reinsurance Corp. of America*, 693 F.3d 417, 433 (3d Cir. 2012). Even if *Rutgers*' holding does not control, this Court predicts that the Supreme Court of New Jersey would decide this case in accordance with the reasoning set forth in *Rutgers*. Caesar offers no Supreme Court of New Jersey decision that casts doubt on this prediction. The lone Appellate Division case she cites, *Parisi v. Aetna Cas. & Sur. Co.*, 296 N.J. Super. 179 (App. Div. 1997), post-dates *Rutgers*, and more importantly, does not construe Section 7(b)(3) or any policy exclusion with similar language. Caesar's first argument for summary judgment fails.

### B.  Even If Exclusion A.1.c. Is Invalid, Summary Judgment For Caesar Would Be Improper.

Caesar also argues that Exclusion A.1.c. is invalid because it sweeps more broadly than Section 7(b)(3) allows. Right or wrong, that argument does Caesar no good. If Exclusion A.1.c. was impermissibly broad, the Court would dial it back to conform with Section 7(b)(3). *See Alvarez v. Norwood*, 2012 WL 1414116, at *4 (App Div. Apr. 25, 2012) ("A policy which purports to have a more restrictive omnibus coverage is automatically amended to conform to the statutory standard.") (quoting *Selected Risks v. Zullo*, 48 N.J. 362, 373 (1966)). Section 7(b)(3) excludes from coverage those people who were named insureds at the time of their accident. Because Caesar was a named insured at the time of her accident, she satisfied the terms of the Section 7(b)(3) exclusion. Therefore, Caesar would also satisfy a dialed-back Exclusion A.1.c. that conforms to Section 7(b)(3). Ultimately, whether or not Exclusion A.1.c. is valid under New Jersey law, the outcome is the same: Caesar is not entitled to recover from Fireman's. Caesar's second argument for summary judgment fails.

### IV.   CONCLUSION

For the foregoing reasons, there is no genuine issue of material fact: Caesar is not covered by her father's policy. Accordingly, the Court will **DENY** Caesar's motion for summary judgment and **GRANT** Fireman's cross-motion for summary judgment. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: December 18, 2012**